**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

DIEGO ALEJANDRO CARRASCO
GOMEZ,

        Petitioner,

v.

FRED FIGUEROA, et al.,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)

Case No. CIV-26-991-J

## <u>ORDER</u>

Petitioner Diego Alejandro Carrasco Gomez, a citizen of Honduras, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Petition) seeking release, or in the alternative, a bond hearing. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge, as required under 8 U.S.C. § 1226(a) and due process, within seven days or otherwise release him; and (2) require the Government to bear the burden at the bond hearing to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention. (Rep. & Rec.) [Doc. No. 10]. Respondents filed a timely Objection (Obj.) [Doc. No. 11], triggering de novo review. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

### I.       Background

Petitioner entered the United States as a minor around 2019.  Petition ¶¶ 32–33.  In May 2019, Petitioner was released from ICE custody on an Order of Release on Recognizance in accordance with Section 236 of the Immigration and Nationality Act (INA).  *Id.* Ex. 2. Accordingly, Petitioner contends he has "lived at liberty in the interior of the United States" since his initial release.  *Id.* ¶ 33.  On April 15, 2026, Petitioner was re-detained by ICE in Dallas, Texas without the opportunity to post bond or be considered for release on other conditions.  *Id.* ¶¶ 11, 36–37.  Petitioner's removal process is ongoing and he asserts that his continued detention without a bond hearing violates the INA and his due process rights.

### II.      Report and Recommendation

Upon review, Judge Maxfield concludes that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls his detention. As such, Petitioner's continued detention without a bond hearing violates the INA.  *See* Rep. & Rec. at 6–9.  As Judge Maxfield notes: "the conclusion that § 1226 governs an alien's recent detention by ICE is only bolstered in cases like the instant one, in which Petitioner was previously detained by ICE and later released on his own recognizance into the United States pursuant to § 1226." *Id.* at 8; *see also* Petition Ex. 2.  Second, Judge Maxfield concludes that due process also entitles Petitioner to a bond hearing and as such, the Court should require the Government to bear the burden to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention.  *See* Rep. & Rec. at 9–21.

### III.     Analysis

Respondents first object to Judge Maxfield's conclusion that § 1226(a) controls Petitioner's detention and respectfully ask the Court to reconsider its prior decisions regarding the application

of § 1225(b)(2)(A). *See* Obj. at 1–3. Although employing a de novo review, the Court declines to engage in lengthy analysis. This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See Rawal v. Figueroa*, No. CIV-26-354-J, 2026 WL 1232291, at *1 (W.D. Okla. May 5, 2026). Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents also object to Judge Maxfield's conclusion that Petitioner's lack of hearing violates due process and that at any bond hearing, the burden should be on the Government. *See* Obj. at 3–9. However, the Court declines to address Petitioner's due process claim thus mooting the objection. Additionally, the Court finds that the issue of burden shifting is premature and not fit for adjudication at this stage. A claim is not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985). At this time, no immigration judge has conducted a hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework. Accordingly, the Court declines to issue an advisory opinion instructing application of a particular burden of proof. *See Rawal*, 2026 WL 1232291, at *1 (declining to prospectively order Immigration Judge to adhere to specific burden of proof at the bond hearing); *Hernandez v. Mullin*, No. CIV-26-475-R, 2026 WL 1625669, at *3 (W.D. Okla. June 5, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026); *Losa v. Cerna*, No. CIV-26-276-HE, 2026 WL 1726281, at *2 (W.D. Okla. June 15, 2026).

**IV.**      **Conclusion**

For the reasons above, the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and Petitioner's Petition is GRANTED in so far as it finds Respondents violated the Immigration and Nationality Act.  The Court, therefore, ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or otherwise release Petitioner if he has not received the hearing within that period.

A separate judgment will enter.

IT IS SO ORDERED this 22nd day of June, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

4